# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 05-80021-CR-MOORE

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**DAVID AUSTIN, JR.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 THROUGH 6

**THIS CAUSE** came before me for consideration of the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 108).  Having conducted a hearing, I recommend as follows:

    1.    The Defendant appeared before me on July 6, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform.  At the hearing's outset, I advised the Defendant of his right to have the proceeding in person.  The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference.  Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced that he wished to admit the violations set forth in the Petition. The Petition alleges:

**Violation Number 1**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about September 1, 2020, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [United States Probation's] local laboratory; and subsequently confirmed positive by Alere Toxicology Services on September 8, 2020.

**Violation Number 2**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about September 15, 2020, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [United States Probation's] local laboratory; and subsequently confirmed positive by Alere Toxicology Services on September 20, 2020.

**Violation Number 3**   **Violation of Mandatory Condition**, by refusing to submit to drug testing. On September 3, 2020, the defendant was instructed to submit to drug testing, every Tuesday at 8:30 a.m. during the month of September 2020, at the U.S. Probation Office, and on September 22 and 29, 2020, he failed to do so.

**Violation Number 4**   **Violation of Special Condition**, by failing to maintain full-time, legitimate employment or being unemployed for a term of more than 30 days. On or about August 1, 2020, the defendant failed to maintain full-time employment and has remained unemployed for a term of more than 30 days.

**Violation Number 5**   **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the months of September 2018 through February 2020, April 2020, and July 2020 through September 2020.

**Violation Number 6**   **Violation of Standard Condition**, by failing to report to the probation officer as directed. On September 3, 2020, the defendant was instructed to report to the U.S. Probation Office every Tuesday at 8:30 a.m., during the month of

September 2020, and he failed to comply on September 22 and 29, 2020.

3. The possible maximum penalties faced by the Defendant were read into the record by the United States Probation Office, and the Defendant stated that he understood those penalties. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on the violations. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. The Government proffered a factual basis for the admissions into the record. The Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1 through 6.

5. The parties jointly agree to recommend at sentencing that Defendant's supervised release be reinstated provided that Defendant continues to comply with the terms and conditions of his supervision between now and his sentencing date. The Defendant acknowledged his understanding that the District Court is not required to follow the sentencing recommendations of the parties. The Defendant further understands that he will not be able to withdraw his admissions if the District Court rejects the parties' sentencing recommendations.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1 through 6, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 6th day of July, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE